UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In The Matter Of:

JEROME HILL,   CASE NO: 22-41389
              CHAPTER: 13
Debtor.        JUDGE: TUCKER
_____/

**DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY BEYOND THIRTY DAYS PURSUANT TO 11 U.S.C. § 362(C)(3)(B)**

NOW COMES, JEROME HILL, by and through his attorneys, Law Offices of Joshua B. Sanfield, P.L.L.C, and in support of his Motion to Extend the Automatic Stay Beyond Thirty Days Pursuant to 11 U.S.C. § 362, states as follows:

1. The Debtor is an individual who has had a pending case within the previous year that was dismissed.
2. The Debtor's prior case, 19-40948-tjt, was filed on January 2, 2019, and was dismissed on July 14, 2021.
3. The Debtor's prior case was filed to stop property tax foreclosure sales from occurring on several rental properties he owns, to pay off a car loan, and to pay his remaining creditors in full.
4. The current case is filed for the same reasons as listed above.
5. At the time Debtor filed his prior case, he owned 10 rental properties which generated most of his household's income.
6. Unfortunately, the Debtor experienced a significant decrease in his household income when the COVID pandemic occurred and most of his tenants stopped paying rent and became delinquent.
7. Additionally, eviction moratoriums were imposed by both the State of Michigan and the U.S. government per Center for Disease Control guidelines.
8. As a result of the eviction moratoriums and the fact that most, if not, all of the Debtor's tenants stopped paying rent during the pandemic, the Debtor could not keep current with his Chapter 13 Plan payments.

9. Even though the Debtor was incarcerated for most of the prior case and his spouse did not have income, he was nonetheless able to keep his plan payments current until September 2020.
10. After the COVID pandemic, Debtor's spouse obtained various jobs in an attempt to keep the bankruptcy payments current, but she was unable to maintain them while paying for living expenses as well.
11. The bankruptcy payments then began to become delinquent and on May 10, 2021, the Wayne County Treasurer filed a Motion to Lift the Automatic Stay.
12. While the Motion to Lift Automatic Stay was still pending, the Chapter 13 Trustee filed a Motion to Dismiss.
13. Since the Debtor's spouse was and continues to be his agent under a lawfully executed Power of Attorney and since many of the rental properties had appreciated considerably in value, the Debtor decided that he would not contest the Motion to Dismiss.
14. The Debtor's reasoning at the time was that he would sell some of the rental properties since there were no existing mortgages owing and since the only liens were for property taxes and water bills.
15. Since the dismissal of the prior case, Debtor and his spouse have in fact sold half of the rental properties.
16. Debtor's spouse also continues to work 35-40 hours per week at her main job while working at a part-time job about two days per week.
17. Additionally, the Debtor is scheduled to be released from prison within the next 60 days or so.
18. Prior to his incarceration, the Debtor supplemented his rental income by working as a cook.
19. The Debtor already has two jobs working as a cook which he has arranged to begin once he is released from prison.
20. With the sale of half of the rental properties, the fact that the Debtor's spouse now has two jobs, and the Debtor's upcoming release from prison, the Debtor is confident that he will be able to afford the Chapter 13 Plan payments while maintaining his household's living expenses.
21. Moreover, the Debtor and his spouse are now better financially situated to be able to absorb fluctuations or decreases in rental income.

**WHEREFORE**, Debtor respectfully requests that the Court continue the Automatic Stay beyond the thirtieth day following the filing of this case and grant such other relief as the court deems appropriate under the circumstances.

Dated: February 25, 2022 /s/ Joshua B. Sanfield
Law Offices of Joshua B. Sanfield, P.L.L.C.
Joshua B. Sanfield (P66184)
28850 Mound Rd.
Warren, MI 48092
(586) 573-9000
jsanfield@sanfieldlaw.com