UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                     Case No. 22-41389

JEROME HILL,                             Chapter 13

              Debtor.                              Judge Thomas J. Tucker
_____/

## ORDER STRIKING CREDIT COUNSELING CERTIFICATE,
## AND DISMISSING THIS CASE

On February 25, 2022, the Debtor filed a voluntary petition for relief under Chapter 13, commencing this bankruptcy case, and also filed, among other things, a "Certificate of Counseling" (Docket # 3, the "Certificate"), which states that on February 25, 2022, "Jerome Hill By POA Kalena Hill" received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. [§§] 109(h) and 111." The Court will strike the Certificate, because the Certificate does not state that *the Debtor* obtained the credit counseling briefing.

Even assuming that Kalena Hill, the Debtor's spouse, holds a valid power of attorney for the Debtor,[1] that would not be sufficient to allow for Kalena Hill as the Debtor's attorney-in-fact to obtain the credit counseling briefing. The Debtor must personally obtain the credit counseling briefing, on or within 180 days before the petition date, or that requirement must be excused under 11 U.S.C. § 109(h)(4). No credit counseling certificate has been filed showing that the Debtor complied with this requirement has been filed. Nor has any timely motion to excuse the credit counseling requirement been filed.

For these reasons, the Debtor may not be eligible to be a debtor in this case under 11 U.S.C. § 109(h)(1). That provision requires that a *debtor* obtain a credit counseling briefing *before or on the date of* filing a bankruptcy petition. It provides in relevant part, that

> an individual may not be a debtor under this title unless such individual has, **during the 180-day period ending on the date of filing the petition** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(emphasis added).

---

[1] Kalena Hill filed a document granting her a durable power of attorney for the Debtor. (Docket # 5.)

11 U.S.C. §§ 109(h)(3) and 109(h)(4) provide limited exceptions to § 109(h)(1)'s requirement of obtaining a credit counseling briefing before or on the date of filing the bankruptcy petition.

First, 11 U.S.C. § 109(h)(3) permits a debtor to obtain the required credit counseling briefing up to 30 days after filing the petition, and for cause shown, up to 45 days after filing the petition. *See* 11 U.S.C. § 109(h)(3)(B). Section 109(h)(3)(A) provides:

> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that–
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

LBR 1007-3 (E.D. Mich.) provides the procedure that a debtor must use when filing a certificate of exigent circumstances under § 109(h)(3)(A):

> **(a) Certification Procedures.** A debtor who files a certification under § 109(h)(3)(A) must also file a motion for approval of the certification. The debtor must file the certification and the motion with the petition, serve it on all parties and file a certificate of service. The deadline to file a response is 14 days after service. If no timely response is filed, the certification will be deemed satisfactory under § 109(h)(3)(A)(iii) without a hearing or further order. The motion must be accompanied by a notice that the deadline to file a response is 14 days after service and that if no response is filed, the court will deem the certification satisfactory under § 109(h)(3)(A)(iii) without a hearing.

In this case, the Debtor failed to comply with any of the requirements of either § 109(h)(3)(A) or LBR 1007-3(a). The Debtor did not file a certificate of exigent circumstances or a motion to approve his certification of exigent circumstances with the bankruptcy petition, as required by LBR 1007-3(a). And to date, he has not filed either of these items.

11 U.S.C. § 109(h)(4) provides another limited exception to § 109(h)(1)'s requirement of obtaining a credit counseling briefing on or before the date of filing the bankruptcy petition. It provides:

> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

To be excused under § 109(h)(4), the Debtor must file a motion under this Court's local rules, LBR 1007-3(c) and LBR 9014-1. The Debtor has not filed a motion seeking to be excused under § 109(h)(4), and has not alleged or demonstrated that any of the grounds for relief under § 109(h)(4) are or can be satisfied. Certain papers filed in the case indicate that the Debtor is incarcerated, and "is scheduled to be released within the next 60 days or so."[2] But such incarceration is not "incapacity" or "disability" as those terms are defined in § 109(h)(4), so the Court could not excuse the credit counseling requirement under § 109(h)(4).

Because under 11 U.S.C. § 109(h)(1) the Debtor is not eligible to be a debtor in this case, and for the other reasons stated above,

IT IS ORDERED that:

1. The Certificate (Docket # 3) is stricken.

2. This bankruptcy case is dismissed.

**Signed on March 9, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[2] *See, e.g.*, Affidavit Regarding Debtor's Motion to Extend Automatic Stay (Docket # 14) at ¶¶ 6, 13.